No. 28,186.

Rosa B. Smith, *Appellant*, v. Samuel R. Smith, *Appellee*.

(272 Pac. 166.)

Opinion filed December 8, 1928.

*J. J. Schenck* and *C. P. Schenck,* both of Topeka, for the appellant.

*Herman Long,* of Wakeeney, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: A husband and wife were divorced and a division of property made in the divorce decree. They afterwards entered into a contract concerning the property and were remarried. After again living together for several years the wife left the husband and sought in the instant action to quiet her title to the real property awarded to her in the original decree of divorce. She was denied the relief prayed for and appeals.

The facts are substantially these. The parties were married December 18, 1898, and divorced May 2, 1919. They were then living in Wakeeney. A few months later they agreed to go together with sons and daughters on a trip, first to Colorado, then to Arizona and finally to California. The trip was made in an automobile owned by one of the sons. The former husband and wife entered into a verbal understanding with respect to resumption of marital

relations and a change of the property rights previously made in the divorce decree. At Flagstaff, Ariz., the contract was reduced to writing. The parties were remarried in California on June 19, 1920, and are still husband and wife. In due time the husband filed an action in California seeking a declaratory judgment on the contract entered into between them at Flagstaff, Ariz. The wife, as defendant in the case, first filed a demurrer and then an answer, in both of which she challenged the jurisdiction of the court. Her pleas to the jurisdiction were overruled, the case tried, findings of fact and conclusions of law made and judgment entered ordering that the real property originally awarded to the wife in the Trego county divorce decree be reconveyed to the husband. This judgment was entered April 14, 1923. Later a copy was recorded in Trego county. The husband and wife continued to reside together until 1926, when the wife returned to Wakeeney and filed the present action to quiet her title to the real property in question. (An action for divorce is pending between them in California.) Trial was had to the court which made findings and conclusions as follows:

"That the court is not bound by the findings and decree of the superior court of Kern county, California, of April 4 and 14, 1923, under the full faith and credit clause of the constitution of the United States; that the findings and judgment of said California court are entitled to respectful consideration at the hands of this court as evidence of the rights of the parties to this action. On the whole of the evidence including the proceedings in said California court this court finds the issues in favor of the defendant.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    |•:

"It is therefore considered and ordered by the court:

"(a) That the plaintiff take nothing by her said action.

"(b) That the defendant Samuel R. Smith have and recover of and from the plaintiff Rosa B. Smith judgment revesting in him title to the property in controversy, to wit: lots thirty-two (32), thirty-three (33) and thirty-four (34) in block eight (8) in the city of Wakeeney, in Trego county, Kansas, free and clear of any and all claims of the plaintiff except her inchoate marital rights as the wife of the defendant; and that this decree stand as the necessary conveyance to accomplish said purpose."

The plaintiff appealed, contending that she signed the contract at Flagstaff under duress and threats; that it was never her intention to revest the title to the Wakeeney real estate in her husband, and that the California court had no jurisdiction of the title of land in Kansas, and that therefore the decree of the California court was of no effect.

It may be noted that the district court of Trego county does not state whether the judgment in favor of the defendant is based upon the contract executed at Flagstaff between the parties, or the decree of the California court. It may be noted, also, that the contract was not artistically drawn, indicating, perhaps, that a written memorandum prepared by the parties themselves without counsel might have been used. It was indefinite in parts and subject to different interpretations, and oral evidence was received by the court as to what the agreement between the parties actually was. Also, there were certain admissions by the wife in her pleadings in the California case which were inconsistent with the terms of the contract as set up in her reply in the instant case. We deem it neither necessary nor profitable to set out these things in detail. They were all before the trial court—we think not improperly—and had that court's careful consideration. On the whole we are of the opinion that there was adequate evidence to sustain the finding that the plaintiff (the wife) entered into the agreement to revest the defendant (the husband) with the property and that she did so of her own will and accord and without duress, and the agreement was sufficient basis to sustain the judgment, so that the question of whether or not the California court had jurisdiction to enter its decree need not be passed upon.

The judgment is affirmed.